■ J. P. LIEBERMAN & SON, INC., Appellant, v. SAMUEL SCHLOSBERG, INC., Respondent.— In an action to recover damages arising out of negligent and unworkmanlike performance of a contract to install plumbing and related facilities in the construction of a building, plaintiff appeals from an order of the Supreme Court, Queens County, entered August 13, 1965, which denied its motion for summary judgment, with a direction for an assessment of damages pursuant to CPLR 3212 (subd. [c]). Order reversed, with $10 costs and disbursements; plaintiff's motion granted; and action remitted to the court below for the purpose of determining and assessing the damages and for the entry of an appropriate judgment in plaintiff's favor. In our opinion, the motion papers raise no triable issue of fact sufficient to preclude granting of the motion. It is not denied that defendant guaranteed that the work would be performed in a good and workmanlike manner and that the materials furnished would be of good quality and suitable for the purposes intended. The record contains an admission by defendant's president that the leaks which occurred on the project were due to "weak connections that were made by our steamfitters" which "opened up when they were subjected to normal expansion and contraction." The president's affidavit in opposition to the motion does not deny or attempt to explain that admission. Defendant's general heating and air-conditioning superintendent testified on an examination before trial that the pipe installed by defendant had broken away from the fitting because of inadequate threading. No attempt was made to explain the superintendent's admission. In the absence of any exculpatory explanation as to how this break in a pipe behind a closed wall could have occurred, no triable issue of fact as to defendant's liability was presented. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ CELIA MAHANA, Appellant, v. IRVING MAHANA, Respondent.— In an action for separation, plaintiff appeals from an order of the Supreme Court, Kings County, entered February 2, 1966, which directed defendant to pay plaintiff (1) $125 per week for temporary support and maintenance of plaintiff and the parties' five children and (2) a $500 counsel fee. Order modified (1) by increasing to $170 per week the amount for such support and maintenance; (2) by providing that, in addition, defendant shall pay: (a) the cost of utilities connected with the use of the marital home; (b) the cost of fuel for, and the taxes and other governmental charges upon, the marital home; (c) the children's medical, dental and related expenses; and (d) the cost of the children's religious education; (3) by providing that possession of defendant's automobile shall be transferred to plaintiff and that all maintenance and insurance costs associated with it shall be paid by defendant; and (4) by providing that plaintiff is granted leave to apply to the trial court for an additional allowance of counsel fee  As so modified, order affirmed, without costs. In the circumstances at bar, the provisions in the Special Term's order for the temporary support and maintenance of plaintiff and the parties' five children were inadequate; and the trial court should be given the opportunity to pass on the question of adequacy of the award of counsel fee. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.